

1500 Broadway | Suite 2900 | New York, NY 10036

Baltimore   Cleveland   Chicago   Columbus   Indianapolis   Miami   Naples

New York   Philadelphia   Phoenix   Washington, D.C.

WRITER'S DIRECT NUMBER: 212-824-4975
EMAIL: Alex.Talel@icemiller.com

July 2, 2025

**Via ECF**

Judge Analisa Torres
United States District Judge for the Southern District of New York
500 Pearl Street
New York, NY 10007

> RE:   *Willton NC NY, LLC v. MH I Investment LLC, et al.* U.S. District Court for the Southern District of New York Case No. 1:24-cv-05526-AT – F.R.C.P. 15(a)(2) Amendment

Dear Judge Torres,

    Plaintiff Willton NC NY, LLC hereby submits this letter in response to this Court's June 25, 2025 Order (ECF. 63) and in connection with F.R.C.P. 15(a)(2). Plaintiff respectfully requests leave to further amend its Complaint as a result of information it has learned during discovery and based on facts and new causes of action that have arisen since Willton initially filed suit nearly a year ago. In short, Willton's further amendment would do the following:

- Preserve Counts 4 and 5 (with minimal updates) to allow those claims to stay on track for disposition based on the Court's previously adopted schedule;

- Update the other current causes of action with additional facts and allegations that post-date the filing of this lawsuit; and

- Add new claims against Defendants and individuals and entities affiliated with and/or controlled by Defendants where the claims are related to the conduct already alleged in this lawsuit.[1]

    As Defendants alluded to in their recent letter to the Court (ECF. 61), Willton has brought a lawsuit in the Southern District of West Virginia in which it asserts claims against MHM.

---

[1] Those new defendants will include: (i) Millennia Housing Management Ltd. ("MHM"), which is controlled by current Defendant Frank T. Sinito and, on information and belief, other members of Mr. Sinito's family; (ii) other senior management level individuals associated with the Sinito Enterprise (Angelica Sinito and James Wells); and (iii) the general partners of the owners of the properties at issue in this lawsuit against whom Willton intends to assert claims similar to those currently pending against Defendant MH I Investment LLC.

July 2, 2025
Page 2

Although Willton has not yet asserted any claims against MHM and the claims against MHM in that other lawsuit arose in West Virginia and therefore jurisdiction and venue are proper there, Defendants have objected that the claims in that lawsuit are so related to the claims asserted here that they should be part of this lawsuit. Willton has considered filing similar lawsuits against MHM and other related entities in other jurisdictions where those claims have arisen (i.e., where the properties at issue are located), but anticipates similar objections from Defendants. Accordingly, in the interest of avoiding piecemeal litigation, conserving judicial and party resources, and accommodating Defendants' stated preference to litigate all related claims against all related parties in this Court, Willton seeks leave to further amend its Complaint to assert all those claims here.

Defendants' letter to this Court (ECF. 61) properly describes that the parties were in the process of negotiating a compromise pursuant to F.R.C.P. 15(a)(2), whereby the parties would mutually consent to amendments of the operative pleadings in a manner that streamlines this litigation and consolidates within it other interests and causes of action that are now or might in the future be pending elsewhere. To that end, Defendants expressed their intent to file counterclaims against Willton, and Willton seeks to bring all its claims against all related entities and individuals in this case. This outcome aligns with the Court's stated intention to move this action forward expeditiously (ECF. 63) and also with Defendants' stated desire to have before this Court all interests, claims, and considerations at issue between the parties.

In MHM's opposition to Willton's motion for temporary restraining order in the Southern District of West Virginia, MHM argued that the West Virginia "action is a small part of a much larger and complicated commercial dispute between Plaintiff Willton and non-party MH I (and its principal) regarding the ownership and management of the ten affordable housing properties that are owned by Plaintiff Willton and MH I that is currently being litigated in the United States District Court for the Southern District of New York." *Willton NC NY, LLC v. MH I Investment LLC*, Case No. 2:25-cv-00315, ECF. No. 11 at 6. In its letter to this Court, Defendants acknowledged that, in the West Virginia lawsuit, MHM raised with that court its intent to seek "to transfer this [West Virginia] action to New York as a preferred venue on the basis of judicial economy, convenience and the interest of justice so that the New York [court] can adjudicate the full scope of the dispute." (ECF. 61.)

Several of the claims Willton seeks to assert in its further amended Complaint, would accomplish just that—Willton would bring the West Virginia claims in this lawsuit, and it would have no need to file similar claims in jurisdictions around the country over the other nine properties also at issue here. Should Willton be permitted to further amend its Complaint here, it would dismiss the West Virginia action without prejudice.

Willton has made this proposal to Defendants is awaiting their response. To the extent Defendants do not agree to Willton's proposal, Willton hereby seeks the Court's leave to further amend its Complaint pursuant to F.R.C.P. 15(a)(2). It is firmly established within this Circuit that the "only 'grounds on which denial of leave to amend has long been held proper' are upon a showing of 'undue delay, bad faith, dilatory motive, [or] futility.'" *Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021) (quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015)); *see also Monahan v. N.Y.C. Dep't of Corrs.*, 214 F.3d 275, 283

July 2, 2025
Page 3

(2d Cir. 2000). Willton's request to further amend does not fall under any of those objectionable categories, as the request is based on facts learned in discovery, ongoing conduct that has given rise to causes of action since this lawsuit began, and a desire to bring all related claims against all related parties in one forum to preserve judicial and party resources. Thus, Willton asks this Court to permit its further amendment, which this Court should "freely give…when justice so requires," as it does here. Fed. R. Civ. P. 15(a)(2).

Accordingly, if Defendants are not inclined to accept Willton's proposal for amendment, Willton asks this Court to permit it leave to further amend under F.R.C.P. 15(a)(2) on the basis of this letter. If the Court would prefer, Willton is prepared to engage in formal motion practice at the Court's direction and convenience.

A near-final version of the proposed Second Amended Complaint and a track changes version comparing the proposed Second Amended Complaint with the current Amended Complaint are enclosed.

Most sincerely,

*/s/ Alexander Talel*
Alexander Talel
Ice Miller LLP
1500 Broadway, 29th Floor
New York, NY 10036
212-824-4975
alex.talel@icemiller.com

*/s/ Joshua A. Klarfeld*
Joshua A. Klarfeld (admitted *pro hac vice*)
Ice Miller LLP
600 Superior Avenue East, 13th Floor
Cleveland, OH 44114
joshua.klarfeld@icemiller.com

*Counsel for Plaintiff Willton NC NY, LLC*

Encls.

cc:   All counsel of record via ECF