**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
WILLTON NC NY, LLC,

                          Plaintiff,

            -against-

MH I INVESTMENT LLC,
FRANK T. SINITO, and
MALISSE SINITO,

                         Defendants.
-----------------------------------------------------------------

**ORDER**
**24-CV-5526 (AT) (JW)**

**JENNIFER E. WILLIS, UNITED STATES MAGISTRATE JUDGE:**

Before the Court is plaintiff Willton NC NYC LLC's ("Plaintiff") unopposed motion to further amend their complaint. Dkt. No. 62. For the following reasons, the motion is GRANTED.

## BACKGROUND

Plaintiff filed their initial complaint on July 23, 2024 and filed their first amended complaint on August 20, 2024. Dkt. Nos. 2, 15. Defendants MH I Investment LLC, Frank T. Sinito, and Malisse Sinito (collectively "Defendants") filed their answer to the first amended complaint on November 12, 2024. Dkt. No. 43. The instant case was shortly thereafter referred to this Court for assistance with general pre-trial matters. Dkt. No. 45. Judge Torres granted leave for Plaintiff to move to further amend their complaint by no later than July 3, 2025. Dkt. No. 63. Plaintiff filed the instant motion to further amend their complaint on July 2, 2025. Dkt. No.

64. On July 16, 2025, Defendants informed the Court of their non-opposition to the instant motion. Dkt. No. 66.

## LEGAL STANDARDS

A court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule "encourages courts to determine claims on the merits rather than disposing of claims or defenses based on mere technicalities." Menzel v. Roadget Business Pte. Ltd., No. 24-CV-860 (SLC), 2024 WL 4827403, at *1 (S.D.N.Y., 2024) (citing Monahan v. N.Y.C. Dep't of Corr., 214 F.3d 275, 283 (2d Cir. 2000)) (quotations omitted). "The Second Circuit has explained that district courts should not deny leave [to amend] unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility." Ibid. (quoting Friedl v. City of New York, 210 F.3d 79, 87 (2d Cir. 2000)). "Courts in this District have held that denial of a motion to amend is appropriate where (1) the movant is guilty of undue delay, (2) the movant has acted in bad faith, (3) the amendment would be futile, or (4) the amendment would prejudice the opposing party." Ibid. (quotations omitted). The movant bears the burden of explaining any undue delay in the filing of the proposed amendment. Pilkington North America, Inc v. Mitsui Sumitomo Insurance Company of America, 2021 WL 4991422, at *5 (S.D.N.Y., 2021) (citing MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc., 157 F.3d 956, 962 (2d Cir. 1998)). The party opposing amendment has the burden of establishing bad faith, futility, or prejudice. Dass v. City University of New York, 2024 WL 4986914, at *2 (S.D.N.Y., 2024) (citing Grant

v. Citibank (S.D.), N.A., No. 10-CV-2955, 2010 WL 5187754, at *6 (S.D.N.Y. Dec. 6, 2010)).

## DISCUSSION

For the following reasons the Court grants Plaintiff's motion. First, there is no apparent evidence of delay. Although delay alone is not grounds for denying amendment, if significant time has elapsed since the initial complaint, the moving party must explain the reason for the extended delay. Id. at 5. Plaintiff timely filed the instant motion on July 2, 2025, one day before the deadline for Plaintiff to move to amend their complaint. Dkt. Nos. 63-64. Additionally, Plaintiff explains that their request to further amend is "based on facts learned in discovery, ongoing conduct that has given rise to causes of action since this lawsuit began, and a desire to bring all related claims against all related parties in one forum to preserve judicial and party resources.[1] Dkt. No. 64 at 3..

Second, there is no apparent evidence of bad faith, futility, or prejudice. Without opposition from Defendants, there has been no showing that Plaintiff's requested amendments were the result of bad faith, nor has there been a showing that the amendments would be futile or prejudice Defendants. See Dass, 2024 WL 4986914, at *2 (The party opposing amendment has the burden of establishing bad

---

[1] Plaintiffs have a lawsuit in the Southern District of West Virginia against Millennia Housing Management Ltd. ("MHM"), which is also controlled by defendant Sintos. Dkt. No. 64 at 1, n. 1. The instant motion will add MHM to the instant case, allowing the parties to litigate "all related claims against all related parties in this Court." Id. at 2.

3

faith, futility, or prejudice.); Red Black Tree, D.O.O. v. Hotel Credits, Inc., No. 22-CV-7834 (JGK) (SLC), 2023 WL 8039360, at *3 (S.D.N.Y. Nov. 20, 2023).

Lastly, an unopposed motion to amend is typically granted. See Red Black Tree, D.O.O., 2023 WL 8039360, at *4–5 (granting motion to amend complaint to add parties and a claim where defendants did not respond to the motion and where the proposed amendments were not plainly futile); Esmilla v. Cosmopolitan Club, No. 09-CV-10169 (DF), 2011 WL 814007, at *2 (S.D.N.Y. Mar. 3, 2011) (granting motion to amend to add new claims and allegations against existing defendants who did not oppose those amendments); Feliciano v. Circulation Promotion & Res., Inc., No. 98-CV-8727 (JGK), 1999 WL 1102798, at *1 (S.D.N.Y. Dec. 6, 1999) (granting motion to amend "without opposition from the defendant"); Barbagallo v. Gen'l Motors Corp., No. 88-CV-1534 (MJL), 1990 WL 100874, at *3 (S.D.N.Y. July 13, 1990) (granting motion to amend to add claim "to the extent that it is unopposed").

## CONCLUSION

For the aforementioned reasons, Plaintiff's motion to further amend their complaint is GRANTED.

**The Clerk of Court is respectfully requested to close Dkt. Nos. 64-65.**

SO ORDERED.

DATED:   New York, New York
         July 23, 2025

_Jennifer E. Willis_
JENNIFER E. WILLIS
United States Magistrate Judge