The request for a discovery conference is DENIED. Plaintiff is ordered to comply with this Court's individual rules requiring a meet and confer. Plaintiff's motion to compel, Dkt. No. 129, will be addressed in a separate order. SO ORDERED.

*Jennifer E. Willis*

JENNIFER E. WILLIS
UNITED STATES MAGISTRATE JUDGE
March 6, 2026

February 27, 2026

**VIA ECF**
Hon. Jennifer E. Willis
United States Magistrate Judge
Southern District of New York

RE:     *Willton NC NY, LLC v. MH I Investment LLC, et al.,* **SDNY Case No. 1:24-cv-005526-AT**
        **Letter Regarding Discovery Dispute**

Dear Magistrate Judge Willis:

Plaintiff Willton NC NY, LLC ("Willton") respectfully submits this letter to address a second discovery dispute between Willton and Defendants (in addition to the pending Letter Motion relating to the CSH subpoena). In short, Defendants have moved from delaying discovery, to obstructing it, to simply refusing to engage meaningfully in the discovery process. Therefore, Willton submits this letter in accordance with the Court's offer in its December 19, 2025 entry permitting letter requests on discovery issues "that require the Court's attention sooner" than in the course of the submission of the parties' joint status reports. (*See* ECF. 123.) Alternatively, Willton submits this letter in accordance with Local Rule 37.2 and Section II.A. of this Court's Individual Practices in Civil Cases to request a pre-motion conference.

Willton notes that Section II.A. of this Court's Individual Practices in Civil Cases requires the "party wishing to raise a discovery dispute with the Court [to] first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute" and, when submitting the request, to state "when the meet-and-confer occurred." As explained below, Willton respectfully asks for relief from those requirements because: (1) Willton has attempted repeatedly and extensively to meet and confer meaningfully with Defendants in writing, (2) Defendants have not agreed to meet and confer on all topics in dispute, but only those they self-selected, and (3) Willton has ample reason to expect that no call will be productive absent the Court's oversight, as described below.

By way of background:

1.  This case has been pending since July 22, 2024.

2.  On November 6, 2025, the Court set a deadline of December 22, 2025 for the Parties to serve initial sets of interrogatories and requests for production. (ECF. 121.)

3.  Willton served interrogatories and requests for production on December 12, 2025 (the "Requests"). Defendants' answers and responses were due on January 12, 2026.

4.  On January 9, 2026, Defendants requested an extension of their response deadline to January 19, 2026. Willton promptly agreed.

5.  On January 13, 2026, Defendants requested a further extension of their response deadline to January 26, 2026. Willton promptly agreed.

February 27, 2026
Page 2

6. On January 26, 2026, Defendants served answers, responses, and objections to the Requests, which are attached as Exhibits 1-10 (the "Responses").

7. The Responses were replete with boilerplate objections and refusals to provide meaningful information. By way of example only:

   o Defendants objected to approximately 100 Requests as vague and ambiguous, almost never specifying the purportedly objectionable word, phrase, or portion of any Request that was confusing or unclear – in violation of applicable rules requiring specificity for those types of objections.

   o Defendants repeatedly objected to Interrogatories seeking witness identities purportedly under Local Rule 33.3(a), though that Rule expressly permits exactly those types of interrogatories.

   o Each Defendant provided substantive answers to a total of two Interrogatories.

8. On February 16, 2026, Willton sent Defendants a discovery deficiency letter identifying the numerous improper objections and deficiencies in the Responses. In light of meet and confer efforts in prior discovery disputes in this case, where Defendants backtracked on commitments made in phone calls (e.g., relating to the CSH subpoena), Willton requested a written response to its letter by February 23, 2026, after which it would schedule a phone call or video conference to address any specific topics requiring further discussion. (A copy of the 2/16/2026 letter is attached as Exhibit 11.)

9. Defendants ignored that letter.

10. On February 24, 2026, Willton sent a follow up email asking for a response to its discovery deficiency letter by February 26, 2024.

11. Ignoring Willton's request for a substantive explanation of their positions on the deficiencies Willton raised in its letter, one of Defendants' attorneys responded by stating: "As you saw, I was out of the office last week. We are available to meet and confer on Friday."

12. Given the number and scope of deficiencies, Willton responded shortly thereafter by expressing its willingness to participate in such a meeting, but reiterating its request for a written explanation of Defendants' positions to make such a meeting productive.

13. In a response that could be most charitably characterized as unserious or even flippant, defense counsel offered this "explanation" for their position on the deficiencies— which does nothing more than summarize their deficient and improper Responses:

   As noted in our responses and objections we have specifically noted requests that we are willing to engage in the meet and confer process. To the extent we have stated objections but yet we are willing to produce documents we will produce documents subject to those objections. Local Civil Rule 33.3 provides restrictions for the types of interrogatories that may be served at the outset of discovery.

February 27, 2026
Page 3

Please let us know when you are available to discuss.

The 2/24/2026 – 2/26/2026 email exchange is attached as Exhibit 12.

14. With Defendants' refusal to provide a good faith foundation for the call they were requesting, and even then only a call on topics of their choosing, and their refusal to engage meaningfully in the discovery process, Willton now seeks Court intervention.

Based on the foregoing, Willton requests either a pre-motion conference (either telephonically or in person at the Court's convenience) or leave to file a motion to compel discovery.

Respectfully submitted

*/s/ Alexander Talel*

Alexander Talel
**ICE MILLER LLP**
1500 Broadway, 29th Floor
New York, NY 10036
alex.talel@icemiller.com
*Counsel for Plaintiff*

cc:    Via ECF