**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------X
WILLTON NC NY, LLC,

                          Plaintiff,                              **ORDER**

          -against-                          **24-CV-5526 (AT) (JW)**

MH I INVESTMENT LLC et al.,

                          Defendant.
--------------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

On February 2, 2026, this Court ordered the Parties to file letter motions outlining their position on any outstanding discovery issues by February 16, 2026. Dkt. No. 127. On February 16, 2026, Plaintiff filed a motion to compel compliance with the subpoena Plaintiff served on Clark, Schaefer, Hackett & Co. ("CSH"). Dkt. No. 129. Defendants did not file any letter motion with the Court by February 16th, nor did they file a timely response to Plaintiff's motion to compel. Instead, Defendants filed an opposition letter on February 25, 2026, which Plaintiff responded to on February 26, 2026. For the reasons stated below, Plaintiff's motion to compel is **GRANTED.**

## I.    BACKGROUND

Plaintiff served a subpoena on CSH on April 3, 2025 directing the production of the following: (1) any and all documents related to FM15 and any FM15 Affiliate from 2021 to present, (2) any and all documents related to the Properties from 2021 to present, (3) copies of all invoices and time charges from any of the Properties from 2021 through 2025, (4) copies of all invoices and time charges from FM15 and any

FM15 Affiliate from 2022 through 2025, (5) correspondence between MH I Investment, Millennia Housing Development, Millennia Housing Management, Millenia Housing Capital referring, relating or pertaining to FM15 or any FM15 Affiliate from 2021 to present, and (5) correspondence between CSH and any third party referring, relating, or pertaining to FM15 or any FM15 Affiliate from 2021 through the present. Dkt. No. 129, Exhibit 1.

CSH is an independent third-party auditor hired by Defendants to prepare annual audited financial statements and tax returns. Id. Both CSH and Defendants objected to the subpoena. CSH objected on four grounds: (1) the undue burden and expense to CHS, (2) failure to give reasonable time to comply, (3) improper date range, and (4) without consent from Defendants to produce tax returns, complying with the subpoena would put CSH at risk of facing criminal penalties under 28 U.S.C. § 7216. Id., Exhibit 2. Defendants objected on the grounds that the subpoena was premature and overbroad. Id. at 1. Plaintiff responded to both CSH and Defendants' objections but agreed to pause enforcement of the subpoena because discovery was stayed on the non-declaratory claims for relief. Id.

After discovery resumed on December 2, 2025, Willton renewed the subpoena. Defendants again objected. During a meet and confer telephone call with the Parties and CSH, Defendants objected to (1) the temporal scope of the request seeking documents prior to December 1, 2022 and (2) the relevance of the invoice and time charge requests. Id. Plaintiff agreed to limit the temporal scope to staring on December 1, 2022, per Defendants request and provided an updated version of the

subpoena. Defendants maintained their objections and further demanded that the end date for the requested documents be the start of litigation in this case. Id. at 2. On January 29, 2026, Defendants provided consent for CSH to produce historical tax returns and maintained their objection to requests for invoices and time charges. Id.

To date, CSH has not produced any documents to Plaintiff. CSH did not renew their objections in this case or move to quash Plaintiff's renewed subpoena. Plaintiff now moves to compel the production of documents in the amended subpoena. Defendant did not make a timely objection.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 45 permits a party to subpoena a that commands a nonparty to "produce designated documents, electronically stored, information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). The Second Circuit has made clear that "a party usually does not have standing to object to a subpoena directed to a non-party witness." Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975). Unless a party "asserts some right or privilege personal to it, such as an interest in proprietary, confidential information that would be disclosed," only the "person or entity to whom a subpoena is directed has standing to file a motion to quash." Oakley v. MSG Networks, Inc., No. 17 Civ. 6903 (RJS), 2024 WL 5056111, at *3 (S.D.N.Y. Dec. 10, 2024) (citing U.S. Bank Nat'l Ass'n v. PHL Variable Ins. Co., No. 12 Civ. 6811 (CM) (JCF), 2012 WL 5395249, at *2 (S.D.N.Y. Nov. 5, 2012)). In other words, a party lacks standing to object to a subpoena issued to a nonparty on grounds of relevancy and

3

undue burden.  Universitas Educ., LLC v. Nova Grp., Inc., No. 11 Civ. 1590 (LTS) (HBP), 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2012) (internal citation omitted).

### III.    DISCUSSION

In this case, Defendants have presented no argument that they have a right or privilege that would allow them to object to a subpoena directed to nonparty CSH. Defendants' objections, based on relevancy and undue burden, are precisely the type of objections the Second Circuit has made clear Defendants lack standing to raise. After Plaintiff renewed the subpoena in December 2025, CSH participated in a meet and confer with the Parties wherein Defendants objected to several requests in the renewed subpoena. Though CSH objected to Plaintiff's original subpoena, CSH did not file a motion to quash Plaintiff's subpoena or file any letter motion with the Court objecting to the motion to compel.

This Court is persuaded that Plaintiff has met the burden of proving that the information sought in the subpoena is "relevant and proportional to the needs of the case." Batanjany v. Clear Street Management LLC, No. 25 Civ. 8420 (LTS), 2025 WL 3157797, at *1 (S.D.N.Y. Nov. 12, 2025).  Plaintiff's Second Amended Complaint ("SAC") alleges that Defendants' conduct was part of a pattern and practice of racketeering activity aimed at defrauding and embezzling from Willton and others. Dkt. No. 70. At ¶ 2.  Plaintiff alleges the Sinito Enterprise is comprised of MH I, MHM, the GP Affiliates, Millennia Housing Development, Millennia Housing Capital, and individual Defendants. Id. at ¶ 7.  Plaintiff invested over $19 million in FM15 based on representations by MH I and Sinito and alleges that the Sinito

4

Enterprise misapplied, misappropriated, and embezzled funds in violation of their contractual obligations to Plaintiff. Id. at ¶¶ 10-21.

First, the document requests included in the subpoena are limited to FM15 or Properties at issue in this lawsuit. See Dkt. No. 129, Exhibit 1 at ¶ 4. Accordingly, this Court finds the documents requested in the subpoena to CSH are relevant and proportional to the needs of this case. Second, the timeframe in the amended subpoena of "after December 1, 2022" is narrowly tailored to the relevant time period of the allegations in this case. Because Plaintiff has filed a SAC that alleges Defendants continue to misappropriate funds, Dkt. No. 70 at ¶¶ 77, 178, this Court will permit the end date on the subpoena to be "through the present." Plaintiff has limited the temporal scope of the subpoena, the documents requested in the subpoena are relevant to Plaintiff's claims in the SAC, and Defendants do not have standing to object to the subpoena. Finally, CHS's initial concerns that the subpoena could place CSH at risk of criminal penalties are no longer present because Defendants consented to the release of their tax returns. Therefore, Plaintiff's motion to compel compliance with the amended subpoena to CSH is **GRANTED**.

**The Clerk of Court is respectfully requested to close Dkt. Nos. 129 and 132.**

SO ORDERED.

DATED:    New York, New York
          March 10, 2026

_Jennifer E. Willis_
JENNIFER E. WILLIS
United States Magistrate Judge