UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLTON NC NY, LLC,

Plaintiff,

v.

MH I INVESTMENT LLC, FRANK T. SINITO, ANGELICA BELLE SINITO, JAMES K. WELLS, MALISSE SINITO, JCH WARRENSVILLE, LLC, LIBERTY PLAZA II INVESTMENT, LLC, JCH YOUNGSTOWN, LLC, HARBOR VIEW I, LLC, ELMCREST INVESTMENT, LLC, PETOSKEY RIVERVIEW INVESTMENT, LLC, SNOWBERRY INVESTMENT, LLC, WINCHESTER I, LLC, POWELL INVESTMENT, LLC, AND MILLENNIA HOUSING MANAGEMENT, LTD.,

Defendants.

Case No. 1:24-cv-05526

Judge Analisa Torres
Magistrate Judge Jennifer Willis

**Oral Argument Requested**

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR PARTIAL MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

**BAKER & HOSTETLER, LLP**
Erica Barrow
Nick Rose
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212-589-4200
Facsimile: 212-589-4201
ebarrow@bakerlaw.com
nrose@bakerlaw.com

*Attorneys for Defendants*

# TABLE OF CONTENTS

**Page**


PRELIMINARY STATEMENT ........ 1

ARGUMENT ........ 1

A. The Fraud-Based Claims Should be Dismissed ........ 1

1. Claim 15 (fraud) should be dismissed for failure to state a claim. ........ 1

a. Group pleading is impermissible except in narrow circumstances not applicable here. ........ 1

b. The SAC's cursory allegations against Malisse Sinito, Angelica Sinito, and James Wells do not support the fraud claim. ........ 3

c. Plaintiff's allegations on "information and belief" do not support its fraud claims. ........ 5

2. Claim 16 (Fraudulent Transfer) should be dismissed as to Defendants Malisse Sinito, Angelica Sinito, and James Wells for failure to state a claim. ........ 5

3. Claim 17 (RICO) should be dismissed as to Defendants Malisse Sinito, Angelica Sinito, and James Wells for failure to state a claim. ........ 6

a. Plaintiff cites no authority permitting the group pleading on which its claim rests. ........ 6

b. The SAC does not allege a Pattern of Racketeering Under Section 1962(c). ........ 7

c. The SAC does not plead scienter. ........ 8

B. The Breach of Fiduciary Duty Claims Must be Dismissed ........ 9

C. The Claims Lying in Equity Must be Dismissed ........ 9

1. Plaintiff's Conversion Claim Must be Dismissed ........ 9

2. The Unjust Enrichment Claim and Promissory Estoppel Claims Must be Dismissed ........ 10

D. The Purported Independent Counts for Veil Piercing and Injunctive Relief Must be Dismissed. ........ 11

CONCLUSION ........ 12

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Briarpatch Ltd. L.P. v. Geisler Roberdeau, Inc.*,
148 F. Supp. 2d 321 (S.D.N.Y. 2001) .......... 10

*DLJ Mortg. Capital, Inc. v. Kontogiannis*,
594 F. Supp. 2d 308 (S.D.N.Y. 2009) .......... 7

*Eastman Kodak Co. v. Asia Optical Co.*,
No. 11 Civ. 6036(DLC), 2012 WL 2148198 (S.D.N.Y. June 13, 2012) .......... 11

*F.D.I.C. v. U.S. Mortg. Corp.*,
132 F. Supp. 3d 369 (E.D.N.Y. 2015) .......... 4

*First Capital Asset Management, Inc. v. Satinwood, Inc.*,
385 F.3d 159 (2d Cir. 2004) .......... 8

*First Interregional Advisors Corp. v. Wolff*,
956 F. Supp. 480 (S.D.N.Y. 1997) .......... 2

*Franzone v. City of New York*,
No. 13-cv-5282 (NG), 2015 WL 2139121 (E.D.N.Y. May 4, 2015) .......... 7

*Geo-Grp. Commc'ns, Inc. v. Chopra*,
No. 15 Civ. 1756 (KPF), 2016 WL 390089 (S.D.N.Y. Feb. 1, 2016) .......... 6

*Gross v. Waywell*,
628 F. Supp. 2d 475 (S.D.N.Y. 2009) .......... 2

*Hagigi v. Yukhananov*,
No. 23-CV-5549 (MKB), 2024 WL 4028333 (E.D.N.Y. Sept. 3, 2024) .......... 8

*Hous. Works, Inc. v. Turner*,
179 F. Supp. 2d 177 (S.D.N.Y. 2001) .......... 4

*Hunt v. Enzo Biochem, Inc.*,
471 F. Supp. 2d 390 (S.D.N.Y. 2006) .......... 2

*In re Celsius Network LLC*,
No. 22-10964 (MG), 2025 WL 2211847 (Bankr. S.D.N.Y. Aug. 5, 2025) .......... 6

*In re Extended Stay, Inc.*,
No. 09-13764-JLG, 2020 WL 10762310 (Bankr. S.D.N.Y. Aug. 8, 2020) .......... 3

*In re M. Fabrikant & Sons, Inc.*,
394 B.R. 721 (Bankr. S.D.N.Y. 2008) .......... 6

*In re Refco, Inc. Sec. Litig.*,
503 F. Supp. 2d 611 (S.D.N.Y. 2007) .......... 2, 3

*In re Satyam Computer Servs. Ltd. Sec. Litig.*,
915 F. Supp. 2d 450 (S.D.N.Y. 2013) .......... 3

*In re TransCare Corp.*,
592 B.R. 272 (Bankr. S.D.N.Y. 2018) .......... 2

*In re Trinsum Grp., Inc.*,
460 B.R. 379 (Bankr. S.D.N.Y. 2011) .......... 6

*Kalimantano GmbH v. Motion in Time, Inc.*,
939 F. Supp. 2d 392 (S.D.N.Y. 2013) .......... 8

*Manela v. Gottlieb*,
784 F. Supp. 84 (S.D.N.Y. 1992) .......... 5

*Mills v. Polar Molecular Corp.*,
12 F.3d 1170 (2d Cir. 1993) .......... 2

*Music Royalty Consulting, Inc. v. Reservoir Media Mgt., Inc.*,
No. 18 Civ. 9480 (CM) (KNF), 2019 WL 1950137 (S.D.N.Y. Apr. 17, 2019) .......... 10

*Nat'l Westminster Bank, U.S.A. v. Ross*,
130 B.R. 656 (S.D.N.Y. 1991) .......... 3

*Peralta v. Matz*,
No. 22-CV-2422 (OEM) (CLP), 2024 WL 6935292 (E.D.N.Y. Aug. 18, 2024) .......... 5

*Royal Host Realty, LLC v. 793 Ninth Ave. Realty, LLC*,
192 F. Supp. 3d 348 (S.D.N.Y. 2016) .......... 11

*Shantou Real Lingerie Manufacturing Co., Ltd. v. Native Group International, Ltd.*,
401 F. Supp. 3d 433 (S.D.N.Y. 2018) .......... 12

*Sikarevich Fam. L.P. v. Nationwide Mut. Ins. Co.*,
30 F. Supp. 3d 166 (E.D.N.Y. 2014) .......... 10

*Spira v. Nick*,
876 F. Supp. 553 (S.D.N.Y. 1995) .......... 5

*Spool v. World Child Int'l Adoption Agency*,
520 F.3d 178 (2d Cir. 2008) .......... 7, 8

*Stanley v. Direct Energy Services, LLC*,
466 F. Supp. 3d 415 (S.D.N.Y. 2020) .......... 10

*U.S. v. Bonanno Organized Crime Family of La Cosa Nostra*,
683 F. Supp. 1411 (E.D.N.Y. 1988) .......... 7

*Vaughn v. Air Line Pilots Ass'n*,
377 F. App'x 88 (2d Cir. 2010) .......... 8

*Vaughn v. Air Line Pilots Ass'n, Intern.*,
395 B.R. 520 (E.D.N.Y. 2008) .......... 9

*Vermeer Owners, Inc. v. Guterman*,
78 N.Y.2d 1114 (1991) .......... 4

Defendants respectfully submit this Reply Memorandum Of Law in further support of their Partial Motion To Dismiss The Second Amended Complaint ("SAC").

## PRELIMINARY STATEMENT

Plaintiff's Opposition underscores—rather than cures—the SAC's fundamental defects. The fraud-based claims (fraud, fraudulent transfer, and civil RICO) rest on impermissible group pleading and conclusory allegations that fail to satisfy Rule 9(b) and the governing substantive standards, particularly as to Defendants Malisse Sinito, Angelica Sinito, and James Wells. Plaintiff's fiduciary duty theory fares no better: Plaintiff concedes that only MHI managed FM15, yet seeks to impose "transitive" duties on individuals affiliated with a separate entity, and in any event the claim is barred by the economic loss doctrine because the alleged harm is purely contractual (i.e., purported failures to make distributions under the Amended Operating Agreement). Plaintiff's remaining equitable theories likewise fail because they merely repackage alleged breaches of contract and do not plead the elements of independent tort or quasi-contract claims. Finally, Plaintiff cannot maintain standalone "claims" for veil piercing or injunctive relief, and its conclusory assertions of control fall far short of the domination and misuse required for veil piercing.

The Court should grant the Motion and dismiss the challenged claims.

## ARGUMENT

### A. <u>The Fraud-Based Claims Should be Dismissed</u>

#### 1. Claim 15 (fraud) should be dismissed for failure to state a claim.

##### a. Group pleading is impermissible except in narrow circumstances not applicable here.

Plaintiff does not deny that its fraud claim is based on group pleading, but instead inexplicably claims that group pleading is permissible as long as an "enterprise" is alleged, Br. at 5.

That is not the law. Regardless of whether an enterprise is alleged, "[a] complaint may not simply clump defendants together in vague allegations to meet the pleading requirements of Rule 9(b)." *In re Refco, Inc. Sec. Litig.*, 503 F. Supp. 2d 611, 641 (S.D.N.Y. 2007). To state a claim for fraud, Plaintiff was required to allege with specificity the acts of each defendant against whom the claim is brought. *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993); see *also Gross v. Waywell*, 628 F. Supp. 2d 475, 495 (S.D.N.Y. 2009); *First Interregional Advisors Corp. v. Wolff*, 956 F. Supp. 480, 485 (S.D.N.Y. 1997) ("While, [plaintiff] does allege that the RICO enterprise was carried on by all defendants, general conclusory allegations such as this are not sufficient under Rule 9(b).").

Courts have consistently held that "sweeping references to the collective fraudulent actions of multiple defendants will not satisfy the particularity requirements of Rule 9(b)." *Hunt v. Enzo Biochem, Inc.*, 471 F. Supp. 2d 390, 400 n.71 (S.D.N.Y. 2006). Plaintiff's broad failure to allege any specific misrepresentation or omission of a material fact by Defendants Malisse Sinito, Angelica Sinito, and James Wells is fatal to the fraud claim against them, which should be dismissed.

Plaintiff also appears to reference, albeit obliquely, a narrow exception to the prohibition against group pleading, "where the plaintiffs charge that the officers and directors with day-to-day responsibility for a corporation's operations committed fraud through the utterance of corporate group statements such as SEC filings and press releases." *In re TransCare Corp.*, 592 B.R. 272, 288 (Bankr. S.D.N.Y. 2018). That "extremely limited" exception is inapplicable here

because Plaintiff fails to point to any such "corporate group statements" it seeks to attribute to Defendants Malisse Sinito, Angelica Sinito, and James Wells. *In re Extended Stay, Inc.*, No. 09-13764-JLG, 2020 WL 10762310, at *65 (Bankr. S.D.N.Y. Aug. 8, 2020).

Nor can Plaintiff allege any facts establishing that they are "corporate insider[s], with direct involvement in day-to-day affairs." *In re Satyam Computer Servs. Ltd. Sec. Litig.*, 915 F. Supp. 2d 450, 477 (S.D.N.Y. 2013). *See also In re Refco, Inc. Sec. Litig.*, 503 F. Supp. 2d 611, 641 (S.D.N.Y. 2007) ("allegations that a defendant was simply an affiliate and contracted to perform work or even that it owned and controlled the identified speaker will be insufficient."). This narrow exception is therefore inapplicable.

**b. The SAC's cursory allegations against Malisse Sinito, Angelica Sinito, and James Wells do not support the fraud claim.**

Plaintiff does not address and thus concedes Defendants' argument that the SAC does not allege any specific conduct by Malisse Sinito or even that she is employed by the Defendant entities to support the fraud claim against her, which must be dismissed as a result.

Plaintiff points to paragraphs that are insufficient to state a fraud claim. The SAC alleges that Angelica Sinito stated "that Defendants were undergoing initial qualified allocation plan reviews and engaging in preliminary discussions with housing finance agencies to apply for Low Income Housing Tax Credit" (SAC ¶212) but fails to allege that the statement was false, nor that Ms. Sinito had knowledge of such falsity. Fraudulent intent cannot be inferred solely from non-performance of the promise—the plaintiff must allege specific facts showing the promisor intended not to honor the obligation when it was made. *Nat'l Westminster Bank, U.S.A. v. Ross*, 130 B.R. 656, 665 (S.D.N.Y. 1991). So too for the allegation that "Ms. Sinito notified Willton that 'we will plan on making the balance of your 2023 distribution once the HUD audits are completed.' SAC ¶ 215. Mere promissory statements with expressions of hope of what will be

done in the future cannot support a fraud claim. *Hous. Works, Inc. v. Turner,* 179 F. Supp. 2d 177, 210 (S.D.N.Y. 2001). And the allegations in SAC ¶ 214 that Ms. Sinito "sent check images" to an unspecified recipient and, further, that in the passive voice "partial bank statements were finally provided in April 2024" allegedly showed that there were "earlier misappropriations by Defendants" not that the information provided by Ms. Sinito itself constituted fraud; the pled allegations do not allege a material misrepresentation of fact made with knowledge of falsity. *Vermeer Owners, Inc. v. Guterman*, 78 N.Y.2d 1114, 1116 (1991).

The allegations Plaintiffs cite in support of the fraud claim against Angelica Sinito also includes an alleged omission – that she did not provide FM15-related records (SAC ¶ 213) – but the SAC lacks any well-pled, non-conclusory allegation that she owed Willton any duty, as is required when bringing a fraud claim based on omission. *F.D.I.C. v. U.S. Mortg. Corp.*, 132 F. Supp. 3d 369, 383 (E.D.N.Y. 2015). Willton's allegation that MH I owed a fiduciary duty to Willton and thus so did Angelica Sinito is not just a legal conclusion unsupported by any well pled factual allegations, but in fact it is contradicted by the SAC, which alleges that she was only "recently" appointed to an executive position in MHM (a different legal entity). SAC ¶ 241. And the other paragraphs Plaintiff points to are, again, impermissible group pleading that cannot establish the requisite duty. *See* Br. at 8 (citing SAC ¶¶ 24-26 & 27).

The allegations against James Wells fare no better. Willton alleges that Mr. Wells did not provide FM15-related records– an alleged omission that cannot sustain a fraud claim because it is not connected to a well-pled duty. SAC ¶ 213; *F.D.I.C. v. U.S. Mortg. Corp.*, 132 F. Supp. 3d 369, 383 (E.D.N.Y. 2015). And Willton's other allegation against Mr. Wells – that he told Willton that "the first half results yielded returns 59% greater than anticipated" and that "you will get your distributions in early November" – likewise lack any well pled allegation that the

representations were false, let alone that they were made with knowledge of falsity. SAC ¶ 213. The fraud claim against Mr. Wells must be dismissed.

Plaintiffs do not identify how Mrs. Sinito, Ms. Sinito, or Mr. Wells carried out the alleged fraud—or even, in general terms, what roles they supposedly played.

**c. Plaintiff's allegations on "information and belief" do not support its fraud claims.**

Willton seeks to defend its use of "on information and belief" pleading of its fraud allegations by invoking the exception to the general prohibition against such pleading when "the facts are peculiarly within the opposing party's knowledge. Br. 8. But Willton cites only half the rule. The other half, which Willton does not address because its complaint does not satisfy, states that, to fit within the exception, "a pleading of fraud based on information and belief 'must adduce specific facts supporting a strong inference of fraud' otherwise 'it will not satisfy even a relaxed pleading standard.'" *Peralta v. Matz*, No. 22-CV-2422 (OEM) (CLP), 2024 WL 6935292, at *4 (E.D.N.Y. Aug. 18, 2024). Further, the exception is only available when the plaintiff has "allege[d] facts demonstrating the basis for the information and belief," *Spira v. Nick*, 876 F. Supp. 553, 557 (S.D.N.Y. 1995) or provided "a statement of the facts upon which the belief is based." *Manela v. Gottlieb*, 784 F. Supp. 84, 87 n.4 (S.D.N.Y. 1992). Willton does not contend that it has pled facts demonstrating the basis for the information and belief. Accordingly, its fraud-based allegation made "on information and belief" does not fit within the narrow exception Willton invokes.

**2. Claim 16 (Fraudulent Transfer) should be dismissed as to Defendants Malisse Sinito, Angelica Sinito, and James Wells for failure to state a claim.**

Willton insists in its opposition brief that it has indeed alleged transfers by defendants Malisse Sinito, Angelica Sinito, and James Wells – and then cites to paragraphs alleging only that "Defendants" writ large made transfers. As with its other fraud claims, Willton's improper

group pleading in its fraudulent transfer claim requires dismissal. *In re Celsius Network LLC*, No. 22-10964 (MG), 2025 WL 2211847, at *13 (Bankr. S.D.N.Y. Aug. 5, 2025). To state a claim for actual or constructive fraudulent transfer, the plaintiff must allege, *inter alia*, "the transferor and the transferees as well as the amount of each transfer and the year in which each took place." *In re Trinsum Grp., Inc.*, 460 B.R. 379, 388 (Bankr. S.D.N.Y. 2011). Willton has, by its own admission, failed to do so.

Because Willton does not identify any transfers made by Defendants Malisse Sinito, Angelica Sinito, and James Wells – let alone allege the particulars of those transfers – the fraudulent transfer claims against them must be dismissed. *In re M. Fabrikant & Sons, Inc.*, 394 B.R. 721, 740 (Bankr. S.D.N.Y. 2008); *Geo-Grp. Commc'ns, Inc. v. Chopra*, No. 15 Civ. 1756 (KPF), 2016 WL 390089, at *6 (S.D.N.Y. Feb. 1, 2016) (transfers "against Defendants as a group, without specifying what conduct was attributable to each, fail[s] to satisfy the pleading standard.").

**3. Claim 17 (RICO) should be dismissed as to Defendants Malisse Sinito, Angelica Sinito, and James Wells for failure to state a claim.**

**a. Plaintiff cites no authority permitting the group pleading on which its claim rests.**

As with Willton's deficient fraud and fraudulent transfer claims, its civil RICO claim against Malisse Sinito, Angelica Sinito, and James Wells fails because the complaint does not allege those defendants' specific conduct underpinning the claim, and instead attributes conduct to "Defendants." This "blunderbuss and conclusory pleading style" is improper and requires dismissal of the RICO claim against those three individual defendants. *DLJ Mortg. Capital, Inc. v. Kontogiannis*, 594 F. Supp. 2d 308, 326 (S.D.N.Y. 2009).

Willton's only rejoinder to this fundamental pleading defect is to assert that the SAC "sufficiently alleges the enterprise's existence." Br. at 12. But the conclusory allegation of an

"enterprise" is beside the point, especially so when Willton fails to provide a description of the defendants' actual roles within the enterprise. Willton was required to, but plainly does not, allege each defendant's specific conduct. That failure is fatal to the claim. *See U.S. v. Bonanno Organized Crime Family of La Cosa Nostra*, 683 F. Supp. 1411, 1429 (E.D.N.Y. 1988) ("general references to individual defendants being members or associates of organized crime family were insufficient to attribute predicate act to any defendant not specifically named in connection with such act."); *Franzone v. City of New York*, No. 13-cv-5282 (NG), 2015 WL 2139121, at *8 (E.D.N.Y. May 4, 2015) ("RICO allegations must be evaluated 'with respect to each defendant individually'" and that "a plaintiff must show that each 'defendant personally committed or aided and abetted the commission of two predicate acts.'").

**b. The SAC does not allege a Pattern of Racketeering Under Section 1962(c).**

Willton has alleged neither a closed-ended nor an open-ended pattern of racketeering activity, and the claim fails for that reason as well. Willton concedes that the alleged scheme is shorter than two years in duration but contends that the alleged scheme qualifies nonetheless, this despite the Second Circuit's guidance that "it will be rare that conduct persisting for a shorter period of time establishes closed-ended continuity, particularly where, as here … the activities alleged involved only a handful of participants and do not involve a complex, multi-faceted conspiracy." *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 184 (2d Cir. 2008). To be sure, the case law indicates that in the rare case, an alleged scheme of shorter than two years could qualify as a closed-ended scheme, but it is clear that, to so qualify, the alleged scheme must involve multiple predicate acts, multiple victims and participants, and multiple separate schemes. *Id*. Here, in contrast, the allegation is that a small group of participants has engaged in one scheme and has harmed one alleged victim. As a result, the SAC fails to allege a closed-

ended pattern of racketeering activity. *Kalimantano GmbH v. Motion in Time, Inc.*, 939 F. Supp. 2d 392, 412 (S.D.N.Y. 2013); *First Capital Asset Management, Inc. v. Satinwood, Inc.*, 385 F.3d 159, 181 (2d Cir. 2004).[1]

Nor does the SAC allege an open-ended pattern of racketeering activity. Willton contends that its allegations of potential continued activity are sufficient to establish an open-ended pattern. Br. at 15–16. But Willton specifically alleges that Mr. Sinito and MHM are "debarred from participating in any federal housing program for a period of five years." *Id.* Thus on the face of the complaint the alleged scheme is "inherently terminable" and does not constitute an open-ended pattern of racketeering activity. *Hagigi v. Yukhananov*, No. 23-CV-5549 (MKB), 2024 WL 4028333, at *10 (E.D.N.Y. Sept. 3, 2024).

**c. The SAC does not plead scienter.**

Faced with the SAC's utter failure to allege Malisse Sinito, Angelica Sinito, or James Wells' fraudulent intent, Willton points only to two paragraphs of the SAC, neither of which satisfies the requirement that Willton "allege facts that give rise to a strong inference of fraudulent intent" to state its RICO claim. *Vaughn v. Air Line Pilots Ass'n*, 377 F. App'x 88, 90 (2d Cir. 2010). The first cited paragraph alleges "on information and belief" that Willton "anticipates" getting a basis to allege scienter, while the second cited paragraph is nothing more than the conclusory allegation that *all* "Defendants intended to mislead Willton." Br. at 16 (citing SAC ¶¶ 207, 219). Willton cannot rely on "anticipate[d]," unspecified facts and legal conclusions to allege the scienter required to support their fraud claims, which must be dismissed as a result. *Vaughn v. Air Line Pilots Ass'n, Intern*., 395 B.R. 520, 553 (E.D.N.Y. 2008).

[1] Willton goes out of its way to claim that "Caselaw from this Circuit contradicts Defendants' argument that 'courts in this Circuit have never found a close-ended pattern where the predicate acts spanned fewer than two years.' Br. at 15. For support it cites to three cases, none of which find a closed-end pattern where the predicate acts spanned fewer than two years.

**B. The Breach of Fiduciary Duty Claims Must be Dismissed**

As a threshold matter, Plaintiff cannot plead a breach of fiduciary claim when the individual defendants did not owe Plaintiff a fiduciary duty. Plaintiff's opposition does not cure its deficient allegations against the individual defendants. Instead, Plaintiff relies on generalized, collective allegations against "Defendants" and even cites purported "representations" in a contract to which the individual defendants are not parties—and thus could not have made. Br. at 22. Such group-pleaded and misdirected allegations are irrelevant to whether these individuals breached any duty to Plaintiff and because they sound in fraud, fall well short of the heightened pleading standard.

Finally, the economic loss doctrine independently bars Plaintiff's breach of fiduciary duty claim because Plaintiff identifies no duty owed outside the parties' contracts. The very "misappropriation" Plaintiff alleges is nothing more than the factual predicate for its contention that Defendants failed to make required payments due under the Amended Operating Agreement. Plaintiff all but concedes the point, admitting that "Defendants' improper transfers caused Willton harm because those transfers directly led to Defendants' inability to make distributions or to pay Willton under the contracts." Br. at 19.

**C. The Claims Lying in Equity Must be Dismissed**

**1. Plaintiff's Conversion Claim Must be Dismissed**

The conversion claim fails as a matter of law because it is premised on the same alleged wrongdoing and injury underlying Plaintiff's contract claims and relatedly Plaintiff cannot state the elements of conversion. Plaintiff argues that its conversion claim differs from its contract claim because it seeks to remedy the improper taking of "revenue and assets from the Properties," SAC ¶ 184, but that same conduct only harms Plaintiff insofar as it leads to Defendants allegedly failing to provide distributions to Plaintiff due under the applicable

contracts. *See supra* at 9. Moreover, even if Plaintiff attempts to base its conversion claim on the alleged conversion of "fixtures, documents, and data relating to the Properties," SAC ¶ 185, that claim still fails because Defendants, as the lawful property manager, were entitled to access the Properties' assets. *Briarpatch Ltd. L.P. v. Geisler Roberdeau, Inc.*, 148 F. Supp. 2d 321, 329 (S.D.N.Y. 2001) (finding no conversion when its impossible to "return" that which plaintiffs never possessed).

**2. The Unjust Enrichment Claim and Promissory Estoppel Claims Must be Dismissed**

The unjust enrichment claims and the Promissory Estoppel claims cannot be pled as an alternative means to recovery. While the parties agree that an unjust enrichment claim is not duplicative of a breach of contract claim where there is a bona fide dispute as to the existence or enforceability of a contract, that principle is inapplicable here. If a defendant denies liability under a contract but there is, genuine dispute as to the contract's validity or enforceability, the plaintiff is precluded from pursuing an unjust enrichment claim. *See Music Royalty Consulting, Inc. v. Reservoir Media Mgt., Inc*., No. 18 Civ. 9480 (CM) (KNF), 2019 WL 1950137, at *9 n. 7 (S.D.N.Y. Apr. 17, 2019); *see also Stanley v. Direct Energy Services, LLC*, 466 F. Supp. 3d 415, 431 (S.D.N.Y. 2020); *See Sikarevich Fam. L.P. v. Nationwide Mut. Ins. Co.*, 30 F. Supp. 3d 166, 172 (E.D.N.Y. 2014).

Defendants do not dispute that there is a valid and enforceable contract, but rather argue that they have not breached the contract.[2] Under this circumstance, the court should dismiss Willton's unjust enrichment claim as duplicative of its breach of contract claim.

[2] Willton appears to conflate Defendants' footnote disclaimer that Defendants are accepting all facts alleged in the complaint as true for purposes of the motion to dismiss with a denial of the contract's existence or validity.

The unjust enrichment claim should also be dismissed as to Ms. Sinito and Mr. Wells for the additional reason that, aside from one conclusory statement in the count section regurgitating the elements of the claim and clumping all individual defendants together, Plaintiff has not alleged that Ms. Sinito and Mr. Wells enriched themselves or that that same enrichment was at the expense of Plaintiff. SAC ¶ 280. Plaintiff alleges fraudulent monetary transfers to other defendants but noticeably absent is any fact to deduce any transfer to Ms. Sinito or Mr. Wells. To survive dismissal, Plaintiff must raise a right to relief above speculative levels; courts may dismiss claims that merely repeat the elements without factual support. *See Eastman Kodak Co. v. Asia Optical Co*., No. 11 Civ. 6036(DLC), 2012 WL 2148198, at *8 (S.D.N.Y. June 13, 2012); *see also Royal Host Realty, LLC v. 793 Ninth Ave. Realty, LLC*, 192 F. Supp. 3d 348, 358 (S.D.N.Y. 2016).

**D. <u>The Purported Independent Counts for Veil Piercing and Injunctive Relief Must be Dismissed.</u>**

Rather than confront its pleading error—asserting veil piercing and injunctive relief as standalone causes of action—Plaintiff tries to recast the issue as a mere technicality. It is not. Veil piercing and injunctive relief are remedies, not independent claims, and Plaintiff therefore cannot maintain separate counts for either.

Plaintiff's veil piercing claim fails for the additional reason that the elements for that remedy have not been pled. Plaintiff cannot point to a single fact in the SAC to support veil piercing other than its conclusory allegation the individual defendants "controlled" certain corporate defendants. Mere invocation of a legal label is no substitute for pleading facts showing that an individual "completely dominated" the entity and "disregarded the corporation's separate identity." *Shantou Real Lingerie Manufacturing Co., Ltd. v. Native Group International, Ltd*., 401 F. Supp. 3d 433, 440 (S.D.N.Y. 2018).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their partial motion to dismiss the Second Amended Complaint with prejudice.

Dated: April 20, 2026
New York, New York

Respectfully submitted,

**BAKER HOSTETLER, LLP**

By: */s/ Erica Barrow*

Erica Barrow
Nick Rose
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212-589-4200
Facsimile: 212-589-4201
ebarrow@bakerlaw.com
nrose@bakerlaw.com

*Attorneys for Defendants*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(C)**

I hereby certify that on April 20, 2026, I electronically filed the foregoing Reply Memorandum of Law in Support of Defendants' Motion to Dismiss. The memorandum has a word count of 3,491and complies with Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

By: */s/ Erica Barrow*
Erica Barrow