**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X

WILLTON NC NY, LLC,

Plaintiff,

-against-

MH I INVESTMENT LLC,
FRANK T. SINITO, and MALISSE SINITO,

Defendants.

-------------------------------------------------------------

**ORDER**
**24-CV-5526 (AT) (JW)**

**JENNIFER E. WILLIS, UNITED STATES MAGISTRATE JUDGE:**

A discovery conference was held on August 25, 2026 to address discovery disputes. For the reasons more fully stated on the record and articulated in the parties' prior discovery conference on April 29, 2026 (Dkt. No. 167), the Court orders the following:

1. Plaintiff's request for discovery into health, habitability, and safety issues is **DENIED** as overbroad and not narrowly tailored to the needs of the case.
2. Plaintiff's request for discovery into expenditures over $10,000 in aggregate yearly spend per vendor is **DENIED** as formulated. However, the Court finds that narrower discovery on vendor expenditures focused on single items exceeding $5,000 is appropriate.
3. Plaintiff's request for discovery into communications or decisions regarding significant repairs or maintenance is **DENIED** as vague and not narrowly tailored to the needs of the case, particularly in light of other requests that will likely elicit the same information, such as the request above.

4. Plaintiff's request for discovery into HUD debarment materials from October 1, 2022 to December 31, 2024 is **GRANTED**. The Court finds that debarment materials that post-date the relevant agreement may still be relevant to the state of mind of the Defendants at the time of the agreement.

5. Plaintiff's request for responses, cure plans, remediation efforts, etc. related to regulatory notices and findings is **DENIED IN PART**. The Court finds this request to be overbroad as formulated because it would sweep in communications related to regulatory notices and warnings that are unrelated to the HUD debarment at issue in this case. However, the Court finds that communications, responses, cure plans, etc. pertaining to the debarment, or threat of debarment, by HUD, are relevant and discoverable.

6. The Court sets an amended deadline of October 12, 2026 for the completion of document production for all those requests that were known and undisputed prior to the conference. The Court understands that counsel for Defendants will confer with their client to assess the impact of this ruling on the discovery timeline.

7. The Parties are to provide a proposal regarding an amended discovery schedule to the Court by September 4, 2026 in a joint letter. This proposal should account for the interim deadline of October 12, 2026, described above. In addition, the proposal should factor in depositions and written discovery (including requests for production and interrogatories). The Court will not pause discovery on account of the pending motion to dismiss. (Dkt. No. 134).

8. The Parties are to order the transcript of the discovery conference and provide a copy to the Court.

SO ORDERED.

DATED: New York, New York
August 26, 2026

Jennifer E. Willis

JENNIFER E. WILLIS
United States Magistrate Judge